**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REBECCA LIGHTFOOT,

    Plaintiff,

v.                                                                    CASE NO.:6:25-cv-00309

CABINETS TO GO, LLC,
a Florida Limited Liability Company,          **JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, REBECCA LIGHTFOOT ("Plaintiff") through undersigned counsel, and sues Defendant, CABINETS TO GO, LLC ("Defendant"), and in support states as follows:

### Jurisdiction and Venue

1.   This is an action for damages by Plaintiff, against Defendant, her former employer, for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") for unpaid overtime wages.

2.   This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331. All acts or omissions giving rise to this dispute accrued in Volusia County, Florida.

1

3.    Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendant conducted substantial, continuous, and systematic commercial activities in this district.

**Parties and Factual Allegations**

4.    Plaintiff is an individual sui juris resident of, and is domiciled in, Volusia County, Florida.

5.    Defendant, CABINETS TO GO, LLC, a Florida Limited Liability Company, operates a business located in, among other locations, Volusia County, Florida and in other counties within Florida.

6.    Plaintiff was employed by Defendant from in or around February 2022 through November 2024.

7.    Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

8.    Plaintiff was misclassified as salaried exempt by Defendant in violation of the Fair Labor Standards Act.

9.    During the relevant time, Defendant was an enterprise engaged in interstate commerce with annual gross revenue of $500,000.00 or more.

10. Defendant is an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

11. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff.

12. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times her regular rate of pay.

13. At all relevant times, Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of and suffered or permitted the same.

14. Plaintiff sustained damages from Defendant's failure to pay compensation for all hours worked during her employment.

15. Plaintiff retained LYTLE & BARSZCZ, P.A. to represent her in this matter and agreed to pay said firm attorneys' fees and costs for prosecuting her claims herein.

## COUNT I

### Violation of the Overtime Provisions of the Fair Labor Standards Act

16. Plaintiff repeats and incorporates by reference all prior allegations in paragraphs 1 through 15, as if fully set forth herein.

3

17. Plaintiff was misclassified as a salaried exempt employee by Defendant.

18. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

19. Defendant failed to pay Plaintiff one-and-one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in each individual work week.

20. Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

21. Defendant was aware of Plaintiff working overtime and knew or should have known Plaintiff was not getting properly compensated for all hours worked pursuant to the FLSA and was not being properly compensated the proper overtime rate.

22. Due to Defendant's willful violations of the FLSA, Plaintiff and other similarly situated employees have suffered damages.

23. As a result of Defendant's violations of the FLSA, Plaintiff suffered damages.

24. Plaintiff retained LYTLE & BARSZCZ, P.A. to represent her in this matter and agreed to pay said firm attorneys' fees and costs for prosecuting her claims herein.

WHEREFORE Plaintiff demands judgment against Defendant for the following:

   a. Unpaid overtime proven to be due and owing;

   b. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

   c. Pre- and post-judgment interest as allowed by law;

   d. Attorneys' fees and costs; and

   e. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on the 24th day of February 2025.

David V. Barszcz, Esquire
Florida Bar No.: 0750581
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive, Suite 100
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
**Counsel for Plaintiff**