IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECCA LIGHTFOOT,                )

                        )

        Plaintiff,           )

                        )

    v.                  )     Case No.: 6-25-cv-00309

                        )

CABINETS TO GO, LLC,       )

                        )

        Defendant.      )

**ANSWER**

Defendant Cabinets to Go ("CTG") submits the following answer, affirmative and other defenses to Plaintiff's Complaint:

1.      Defendant admits that Plaintiff purports to bring this action under the federal Fair Labor Standards Act ("FLSA) but denies the validity of her claims and therefore denies Paragraph 1, as stated.

2.      Defendant denies Paragraph 2, as stated, except admits that this Court has jurisdiction over Plaintiff's FLSA claims.

3.      Defendant denies Paragraph 3, as stated, except admits that venue before this Court is presently proper.

4.      Defendant is without information sufficient to respond to Paragraph 4 and therefore denies the same.

5.      Defendant admits Paragraph 5.

6.      Defendant admits Paragraph 6.

7.      Defendant admits Paragraph 7.

8.      Defendant denies Paragraph 8.

9.      Defendant admits Paragraph 9.

10.     Defendant admits Paragraph 10.

11.     Defendant denies Paragraph 11, as stated, except admit that Defendant employed Plaintiff and paid her salary and commissions.

12.     Defendant denies that Plaintiff was misclassified and therefore denies Paragraph 12.

13.     Defendant denies that Plaintiff was misclassified and therefore denies Paragraph 13.

14.     Defendant denies Paragraph 14.

15.     Defendant is without information sufficient to respond to Paragraph 15 and therefore denies the same.

16.     Defendant refers to and incorporates its responses to Paragraphs 1 through 15, as if set forth fully herein.

17.     Defendant denies Paragraph 17.

18.     Defendant denies that Plaintiff was misclassified and therefore denies Paragraph 18, as stated.

19.     Defendant denies that Plaintiff was misclassified and therefore denies Paragraph 19, as stated.

20.     Defendant denies Paragraph 20.

21.     Defendant denies Paragraph 21.

22.     Defendant denies Paragraph 22.

23.     Defendant denies Paragraph 23, including its subparts.

24.     Defendant is without information sufficient to form a belief as to Paragraph 24 and therefore denies the same.

25.     Defendant denies that Plaintiff is entitled to any of the relief in the "wherefore" portion of the Complaint, including its subparts.

26.     Any allegation that is not expressly admitted herein is denied.

## Affirmative and Other Defenses

1.      Plaintiff was an exempt employee under the FLSA's executive exemption.  She was compensated on a salary basis in compliance with 29 C.F.R. § 541.100; had the primary duty of managing the employer's enterprise; customarily and regularly directed the work of two or more employees; and had the ability to make disciplinary decisions, set schedules, evaluate performance, and make recommendations on hiring and firing that were given particular weight.

2.      Alternatively, Plaintiff was an exempt employee under the FLSA's administrative exemption.

3.      Alternatively, Plaintiff was an exempt employee under the combination exemption set forth in 29 C.F.R. § 541.708.

4.      Plaintiff has been paid all compensation to which she is legally entitled, as may be applicable.

5.      Defendant is not subject to liability for any alleged failure to pay certain amounts of compensation alleged to be owed under the FLSA, because any such act or omission was made in good faith in conformity with and in reliance on a U.S. Department of Labor ("DOL") interpretation, administrative practice, or enforcement policy regarding the classification of independent contractors. *See* 29 U.S.C. §259.

6.      Plaintiff is not entitled to liquidated damages because any act or omission allegedly

3

giving rise to this FLSA action was in good faith, and Defendant had reasonable grounds for believing that its act or omission was not a violation of the FLSA. *See* 29 U.S.C. §260.

7. Plaintiff's claims may be barred, either in whole or in part, by the applicable statute of limitations under the FLSA.

8. Any violations of the FLSA were not willful, ratified by Defendant, or in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

9. Plaintiff is exempt from overtime pay pursuant to the Fair Labor Standards Act, inter alia, under the Administrative Exemption.

10. The Complaint is barred to the extent that the time for which compensation is sought is *de minimus* and therefore is not compensable.

11. Defendant reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this proceeding.

WHEREFORE, Defendant respectfully requests that after due hearing, judgment be entered in favor of Defendant, that Defendant be awarded its fees and costs in defending this matter, that all costs be taxed to the Plaintiff in this matter, and that the Court award all other further relief to which Defendant may be entitled.

4

Respectfully submitted,

Jonathan O. Harris, pro hac vice forthcoming
JACKSON LEWIS, P.C.
CitySpace
611 Commerce Street, Suite 2803
Nashville, TN 37203
(615) 565-1661
Jonathan.Harris@JacksonLewis.com

Katheen C. Shea
Kathleen C. Shea
Florida Bar No.: 102837
JACKSON LEWIS, P.C.
390 N. Orange Avenue
Suite 1285
Orlando, FL 32801
(407) 246-8404
Kathleen.Shea@JacksonLewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of April, 2025, a true and correct copy of the foregoing *Answer* has been served via this court's CMECF filing system, upon the following counsel of record for Plaintiff:

David V. Barszcz
Mary E. Lytle
LYTLE & BARSZCZ, P.A.
533 Versailles Drive, Suite 100
Maitland, FL 32751
mlytle@lblaw.attorney

/s/ Jonathan O. Harris
Jonathan O. Harris

4929-3488-9523, v. 1